IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL D. B., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 22-cv-00432-SH |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Michael D. B. seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434, 1381-1383f. In accordance with 28 U.S.C. § 636(c), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.

**I.      Disability Determination and Standard of Review**

Under the Act, a "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also id.* § 1382c(a)(3)(A) (regarding disabled individuals). The impairment(s) must be "of such severity that [the claimant] is not only unable to do his previous work but cannot,

---

[1] Effective December 20, 2023, pursuant to Fed. R. Civ. P. 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id*. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims. 20 C.F.R. § 404.1520.[2] "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Under the five-step process, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe medically determinable impairment(s); (3) whether the impairment meets or equals a listed impairment from 20 C.F.R. pt. 404, subpt. P, app. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do his past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Generally, the claimant bears the burden of proof for the first four steps. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). At the fifth step, however, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).[3]

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the

---

[2] *See generally* 20 C.F.R. § 416.920 for Title XVI. (Where possible, the body of this opinion will reference the Title II regulations and provide, the first time mentioned, a parallel citation to Title XVI.)

[3] *See generally* 20 C.F.R. § 416.960 for Title XVI.

decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a scintilla but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court will "meticulously examine the [administrative] record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.   Background and Procedural History

On May 18, 2020, Plaintiff applied for a period of disability and disability insurance benefits under Title II, and supplemental security income benefits under Title XVI. (R. 291-305.) Plaintiff originally alleged he had been unable to work since June 6, 2019, due to left and right shoulder injuries, migraines, and anxiety. (R. 291, 348.) Plaintiff was 46 years old at the time of the ALJ's decision. (R. 41, 291.) Plaintiff has a general educational diploma (i.e., GED) and has past relevant work as a rough carpenter, stable attendant, and animal caretaker. (R. 77, 349.)

Plaintiff's claims for benefits were denied initially and upon reconsideration. (R. 205-211, 215-225.) Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). (R. 72-103, 226-228.) The ALJ denied benefits and found Plaintiff not disabled. (R. 25-41.) The Appeals Council denied review on August 8,

2022 (R. 11-16), rendering the Commissioner's decision final. 20 C.F.R. § 404.981.[4] Plaintiff now appeals.

## III. The ALJ's Decision

In her decision, the ALJ found Plaintiff met the insured requirements for Title II purposes through June 30, 2023. (R. 27.) The ALJ then found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 6, 2019. (*Id.*) At step two, the ALJ found Plaintiff had the severe impairments of lumbar spine degenerative disc disease, cervical spine degenerative disc disease, left shoulder rotator cuff repair, bicep tenodesis, subacromial decompression, distal clavicle excision, right shoulder rotator cuff repair, superior labrum from anterior to posterior (SLAP) debridement, and generalized anxiety disorder. (R. 28.) At step three, the ALJ found Plaintiff's impairments did not meet or equal a listed impairment. (R. 28-32.) The ALJ then determined Plaintiff had the RFC to perform "light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)" with the following physical limitations[5]:

> He can occasionally reach overhead bilaterally. He can frequently reach, finger, and feel in all other directions bilaterally. He can occasionally climb ladders or stairs. He can occasionally stoop. He can tolerate occasional exposure to loud noises.

(R. 32.) The ALJ then provided a recitation of the evidence that went into this finding. (R. 32-38.)

At step four, the ALJ found Plaintiff unable to perform his past relevant work. (R. 38-39.) Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five Plaintiff could perform other work that existed in significant numbers in the

---

[4] *See generally* 20 C.F.R. § 416.1481 for Title XVI.
[5] Plaintiff does not challenge the treatment of his mental limitations.

4

national economy, such as electronics worker, plastics assembler, and injection molding tender. (R. 39-40.) Accordingly, the ALJ concluded Plaintiff was not disabled. (R. 40-41.)

## IV.   Issues

Plaintiff asserts the ALJ's RFC determination is not supported by substantial evidence because: (1) the ALJ failed to properly conduct a function-by-function analysis on Plaintiff's ability to sit, stand, and walk, as required by Social Security Ruling ("SSR") 96-8p, and (2) record evidence "overhwhelm[s]" the RFC, indicating Plaintiff was significantly more limited in sitting, standing, and walking than what the ALJ found. (ECF No. 14 at 5-6.) While the failure to perform a function-by-function analysis is sometimes harmless error, the Court agrees that the ALJ committed reversible error in this case. The Court does not reach Plaintiff's remaining argument.

## V.   Analysis

Plaintiff contends the ALJ committed reversible error by failing to assess his ability to sit, stand, and walk on a function-by-function basis, as required under SSR 96-8p. (ECF No. 14 at 5-8.) Plaintiff argues this failure makes it unclear what limitations he has regarding his ability to sit, stand, and walk. (*Id.* at 8.) The Court agrees.

### A.   The Function-by-Function Assessment

To proceed to steps four and five of the sequential evaluation process, the ALJ must first determine a claimant's RFC. That is, a claimant may have impairments and related symptoms, and those symptoms may cause physical or mental limitations that affect what the claimant can do in a work setting. 20 C.F.R. § 404.1545(a)(1).[6] The claimant's RFC is

---

[6] *See generally* 20 C.F.R. § 416.945 for Title XVI.

what's left—"the most [the claimant] can still do despite [his] limitations." *Id.* The Commissioner makes this decision based on "all the relevant medical and other evidence" in the case record. *Id.* § 404.1520(e).

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). The "function-by-function" assessment component of SSR 96-8p requires the ALJ assess the claimant's exertional capacity (i.e., physical limitations) and nonexertional capacity (i.e., mental and other physical limitations).[7] *Id.* at *5-6. Relevant to this appeal, the ALJ must consider the claimant's "limitations and restrictions of physical strength" and define the claimant's abilities to perform the "seven strength demands" of "[s]itting, standing, walking, lifting, carrying, pushing, and pulling." *Id.* at *5. "Each of the seven strength demands must be considered separately." *Southard v. Barnhart*, 72 F. App'x 781, 784 (10th Cir. 2003) (unpublished) (citing SSR 96-8p, at *5).[8] For example, the ALJ may find the claimant "can walk for 5 out of 8 hours and stand for 6 out of 8 hours." SSR 96-8p, at *5.

If an ALJ is going to find a claimant can do the "full range of work" at a given exertional level (sedentary, light, etc.), the claimant "must be able to perform substantially all of the exertional and nonexertional functions required in work at that level." *Id.* at *3. As a result, the ALJ must assess the claimant's "capacity to perform each of these functions in order to decide which exertional level is appropriate . . . ." *Id.*

---

[7] Physical limitations included in a claimant's nonexertional capacity include postural, manipulative, visual, and communicative limitations—i.e., stooping, climbing, reaching, handling, seeing, hearing, and speaking. SSR 96-8p, at *6.

[8] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

6

Without such analysis, there is concern that an ALJ may "overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do." *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014) (quoting SSR 96-8p, at *4).

Despite the seemingly rigid requirements of SSR 96-8p, the Tenth Circuit has held it harmless error when an ALJ fails to engage in an "explicit function-by-function analysis" if the ALJ did not overlook a claimant's functional problems and simply finds the evidence does not support a limitation. *Hendron*, 767 F.3d at 956-57; *see also Romero v. Berryhill*, No. CIV 17-0373, 2018 WL 566829, at *14 (D.N.M Jan. 26, 2018) ("[*Hendron*] makes clear that the omission of the formulaic, function-by-function, analysis set forth in SSR 96-8p is harmless so long as the ALJ's decision discusses and addresses any pertinent limitations and is otherwise supported by substantial evidence."), *R&R adopted*, 2018 WL 3199254 (June 29, 2018). Where this Court can follow the ALJ's reasoning and determine that correct legal standards were applied, "merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

### B. The ALJ's Failure to Perform a Function-by-Function Analysis was Reversible Error.

It is undisputed that the ALJ failed to perform an explicit function-by-function analysis of Plaintiff's ability to sit, stand, and walk. The ALJ noted evidence that could have impacted these abilities, including (1) a November 2021 function report detailing that Plaintiff was in constant pain, was scheduled for back surgery, and was limited in various ways that included standing and walking (R. 33-34); (2) Plaintiff's testimony that he cannot walk around the block but can walk around the house, can sit 30 to 45 minutes, and spends one-third of the day lying down (R. 34); and (3) medical evidence of Plaintiff's

degenerative disc disease and related pain (R. 36-37). The ALJ vaguely noted that, while Plaintiff's impairments could reasonably be expected to cause "the alleged symptoms" (with no indication as to which symptoms he was referring), the statements concerning the limiting effects of "these symptoms" were not entirely consistent with the evidence in the record "for the reasons explained in this decision." (R. 34.) But, the ALJ never explained how she had evaluated—or whether she had evaluated—Plaintiff's symptoms as to walking, sitting, and standing and the related medical evidence. Instead, the ALJ simply determined that Plaintiff could perform "light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)" with certain postural, manipulative, and environmental limitations. (R. 32.) Thus, the question becomes whether this error was harmless under *Hendron*.

In *Hendron*, the ALJ limited plaintiff to "a *full* range of sedentary work as defined in 20 C.F.R. § 404.1567(a)." 767 F.3d at 956 (emphasis in original). The plaintiff argued that, without providing an explicit function-by-function analysis, the ALJ "overlooked" a potential sitting limitation. *Id.* The Tenth Circuit noted that SSR 96-9p explains that sedentary work requires sitting for "about 6 hours of an 8-hour workday." *Id.* at 956-57 (quoting SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996)). In the case before him, the ALJ not only noted the evidence relating to the plaintiff's ability to sit, but also made specific findings that the plaintiff's sitting capabilities must have improved during the nine-month period when she was "pain free." *Id.* at 955, 957. Based on these facts, the Tenth Circuit held that the ALJ did not overlook plaintiff's alleged sitting limitation, but, instead, found the record evidence did not warrant such a limitation. *Id.* at 957. Thus, the court found the ALJ's failure to perform a function-by-function analysis on the

8

plaintiff's ability to sit was not error because how long plaintiff could sit "was not critical to the outcome of this case." *Id.*

Plaintiff distinguishes *Hendron* on two bases. (ECF No. 14 at 8.) First, unlike in *Hendron*, where the ALJ limited the plaintiff to a full range of sedentary work, Plaintiff was limited to a reduced range of light work. (*Id.*) Without anything more from the ALJ, Plaintiff contends it is unclear what limitations he has regarding his ability sit, stand, and walk. (*Id.*) Second, Plaintiff argues *Hendron* is distinguishable because the objective medical evidence in this case supports the assertion that he is more limited in his ability to stand, sit, and walk. (*Id.*) The Commissioner contends Plaintiff is making the type of formulistic, "hyper-technical" argument that the Tenth Circuit rejected in *Hendron*.[9] (ECF No. 20 at 12.) The Commissioner further argues that, because SSR 83-10 explains that a "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," with sitting occurring "intermittently during the remaining time," the ALJ's RFC sufficiently accounted for all of Plaintiff's physical limitations. (*Id.* (quoting SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983)).)

As stated above, the ALJ found Plaintiff had the RFC for "light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)" with various limitations, but the RFC did not address Plaintiff's ability to sit, stand, and walk. (R. 32.) The regulations do not specifically discuss the amount of sitting, standing, or walking required for light work;

---

[9] The undersigned has similarly rejected the hyper-technical argument that an ALJ failed to use the right "words," when there was no indication that omission of the function-by-function analysis affected the RFC. *See, e.g., Catherine A. S. v. Kijakazi,* No. 20-cv-00415-JFH-SH, 2021 WL 8153576, at *3 (N.D. Okla. Oct. 8, 2021), *R&R adopted,* 2022 WL 902724 (Mar. 28, 2022). Plaintiff's arguments here are not hyper-technical. There was evidence of limitations in Plaintiff's ability to sit and stand that—had they been considered by the ALJ on a function-by-function basis—could have impacted his ability to perform certain subcategories of light work.

instead, light work is defined under the regulations as requiring "a good deal of walking or standing," <u>or</u> "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).[10]  While the Commissioner is correct that SSR 83-10 further defines the "the full range of light work" to mean requiring "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," with sitting occurring "intermittently during the remaining time," SSR 83-10, at *6, Plaintiff was not limited to a full-range of light work. (*See* R. 32, 40.)  Therefore, it is unclear from the ALJ's decision whether she meant to limit Plaintiff to standing and walking for six hours of an eight-hour workday or if she meant to limit Plaintiff to sitting most of the day with some pushing and pulling of arm or leg controls.[11]  Without a proper function-by-function analysis, "the Court cannot conclusively make this determination because those functional limitations are not set forth." *Waterfield v. Kijakazi*, No. 21-cv-00532, 2022 WL 4378906, at *5 (D.N.M. Sept. 22, 2022); *James F. E. v. Kijakazi*, No. 21-CV-2298, 2022 WL 3153684, at *4 (D. Kan. Aug. 8, 2022).

Taken together, the ALJ made no work-related findings regarding Plaintiff's ability to sit, stand, and walk.  Thus, the Court cannot say the ALJ properly considered Plaintiff's

---

[10] *See generally* 20 C.F.R. § 416.967 for Title XVI.

[11] The three jobs highlighted by the VE are simply categorized as "Light Work," which may include "(1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." Electronics Worker, Dictionary of Occupational Titles ("DOT"), 726.687-010, 1991 WL 679633 (4th ed. 1991); *see also* Assembler, Plastic Hospital Products, DOT 712.687-010, 1991 WL 679245 (same); Injection-molding-machine Tender, DOT 556.685-038, 1991 WL 683482 (same).  As such, without further explanation, the undersigned cannot be confident the VE's testimony was based on the same level of "light work" envisioned by the ALJ—if the ALJ even thought about this issue at all.

limitations, and remand is required. *See Waterfield*, 2022 WL 4378906, at *4-7 (finding the ALJ committed reversible error by limiting plaintiff to light work as defined in the regulations but never specifying whether plaintiff could stand/walk for six hours out of an eight-hour workday or sit with pushing/pulling arm or leg controls); *James F. E.*, 2022 WL 3153684, at *3-5 (same, and finding *Hendron* distinguishable because ALJ "overlooked" plaintiff's sitting, standing, and walking limitations when he failed to perform a function-by-function analysis).

## II. Conclusion

The ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 8th day of March, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT